United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-1075

Erin Marie Schmidt,
for the United States Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| James Varga, | § | Case No. 21-41656-ELM-7 |
| | § | |
| | § | |
| | § | |
| Debtor. | § | |

### Agreed Motion for a Rule 2004 Examination of James Varga

TO THE HONORABLE EDWARD LEE MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for the Region 6 ("United States Trustee") moves for a Rule 2004 Examination of Jimmy Varga under Bankruptcy Rules 2004 and 9016. The United States Trustee would show:

1. This case commenced on July 13, 2021 ("Petition Date") by a chapter 7 petition filed by Jimmy Varga ("Debtor") in the United States Bankruptcy Court for the Northern District of Texas.

2. Mr. Varga is represented by Richard F. Tallini of Bailey & Galyen.

3. Mr. Varga Varga consents to appear for a Rule 2004 examination on **Friday, November 5, 2021, at 9:30 am CT** via video teleconference.

4. The Rule 2004 examination will be taken before a court reporter or some other officer

authorized to administer an oath and may be used as evidence in the above-captioned proceeding.

5.   Mr. Varga's testimony will include, but shall not be limited to, the following subjects:

   a. Debtor's information contained in the schedules and statements of financial affairs;

   b. Debtor's tax returns, banking and related issues;

   c. Debtor's businesses;

   d. Any loss or deficiency of assets;

   e. Debtor's financial transactions, whether on behalf of himself or his businesses; and

   f. Debtor's income and expenses.

6.   In connection with the taking of this Rule 2004 examination and in accordance with Federal Rules of Civil Procedure 30 and 45, as incorporated by the Federal Rules of Bankruptcy Procedure, Debtors are requested to produce the documents requested in attached Exhibits A and B on or before **October 22, 2021 at 5:00 pm CT** in electronic format to the attention of trial attorney Erin Schmidt at Erin.Schmidt2@usdoj.gov, or in some other manner as agreed upon by counsel for both Debtor and the United States Trustee.

7.   This agreement is subject to the approval of the Bankruptcy Court.

8.   Mr. Varga does/does not agree to the requested relief.

In conclusion, the United States Trustee respectfully requests this Court to order the 2004 examination of the Debtor and for such other and further relief as is just.

DATED: September 24, 2021              Respectfully submitted,

                                        WILLIAM T. NEARY
                                        UNITED STATES TRUSTEE

        */s/ Erin Marie Schmidt*
        Erin Marie Schmidt
        Texas State Bar No. 24033042
        Office of the United States Trustee
        1100 Commerce Street, Room 976
        Dallas, Texas 75242
        (214) 767-1075
        Erin.Schmidt2@usdoj.gov

## Certificate of Conference

On September 24, 2021, I communicated with Debtor's attorney, Richard F. Tallini. The Debtor agrees to the relief requested in this motion.

        */s/ Erin Marie Schmidt*
        Erin Marie Schmidt

## Certificate of Service

I certify that I sent a copy of the foregoing document via first-class, United States mail, postage prepaid, to the parties listed below on September 27, 2021 or via ECF to all such parties entitled to receive such service on September 24, 2021.

        */s/ Erin Marie Schmidt*
        Erin Marie Schmidt

James Varga
4215 Southcrest Dr.
Arlington, TX 76013
[via U.S. Mail]

Richard Fiory Tallini
Bailey & Galyen
1300 Summit Avenue, Suite 650
Fort Worth, TX 76102
[via email at rtallini@galyen.com]

EXHIBIT A

SCHEDULE OF DOCUMENTS TO BE PRODUCED

Debtors are requested to produce all documents described in Exhibit B below. In connection with such production, the definitions and instructions set forth below shall be used.

I.      DEFINITIONS

1.   <u>Debtor</u>: James Varga, Debtor in the referenced chapter 7 bankruptcy case presently pending in the United States Bankruptcy Court for the Northern District of Texas.

2.   <u>Movant</u>: William T. Neary, the United States Trustee for Region 6 and his designated agents including counsel.

3.   <u>Case</u>: Voluntary bankruptcy proceeding case number 21-41656-ELM-7 filed by Debtor on July 13, 2021.

4.   <u>Document</u>: Any writing signed and filed or used to calculate the information included in the bankruptcy schedules and statement of affairs in this bankruptcy proceeding; any contract, receipt, canceled check, check registers, bank records or statements, bank passbooks, lease agreements, invoices, statements of account, correspondence, vouchers, credit card receipts payroll check stubs, bills, deposit slips, memoranda, reimbursement records, ledgers, and any other written record or computerized data contained in hardware or software.

5.   <u>Communication</u>: Any instance in which information was transmitted between two or more persons, including any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to, documents, correspondences, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, and other understanding between two or more persons, unless that communication is subject to a privilege recognized under the law, such as attorney-client privilege or husband-wife communication.

6. <u>Writing</u>: The term "writing" includes both paper and electronic documents, and includes but is not limited to electronic documents, emails, text messages, scanned documents, and the like.

7. <u>Business</u>: The term "business" or "businesses" includes any entity, whether corporation, company, limited liability company, partnership, sole proprietorship, and/or subsidiary, in which either Debtor had an ownership interest, was a sole proprietor, served as a member, officer, director, or managing executor; owner of at least 5% of voting or equity securities; or otherwise exercised control. These businesses include but are not limited to ATT Medical-Ham, LLC; CBD Heavenly Spa, LLC; Community of Three Oaks LLC; Como-Lake Residents Fund, LLC; Como-Lake VS PWB-PG, LLC; Keep Calm Naturally Healing, LLC; Keep Calm Water Supply, LLC; Lake Como Center, LLC; Linwood Townhomes Community, LLC; Partners W/ Benefits Investment Holding Group, LLC; PWB Development & Construction Services, LLC; PWB Development Fund, LLC; PWB HRLS-HAM, LLC; PWG-IHG Benefit Assurance, LLC; PWG-PG-IHG, LLC; R3 Resicom Developments & Construction; Regal REI Services, LLC; Sparkit Marketing & Consulting, LLC; Texas Triple Aim Holding Group, LLC; We're Home Staging and Décor, LLC; Partners W/ Benefits Property Group, LLC; R3 ResiCom, LLC;

8. <u>Applicable Period</u>: **July 13, 2019 through July 31, 2021**, <u>**unless otherwise specified**</u>.

EXHIBIT B

DOCUMENTS TO BE PRODUCED

1. 2018, 2019, and 2020 federal income tax returns with all schedules, statements, W-2s, and 1099s, for any businesses in which Debtor has or had an interest.

2. Bank statements with supporting canceled checks for all financial accounts, both business and personal, over which Debtor has or had signatory authority during the Applicable Period. Include any joint accounts Debtor holds (or used to hold) with any other signatories, including business accounts, spouses, parents, and all children.

3. Profit and loss statements, ledgers, and other financial documents issued either by Debtor or any business under his control or management for calendar years 2018, 2019, and 2019.

4. Homeowners and vehicle insurance in effect during the Applicable Period with respect to any real property or personal property owned by Debtor, his spouse, and/or under Debtor's direct control.

5. Any insurance claims for losses filed by Debtor and/or his businesses during the Applicable Period. Include all documentation submitted with insurance claim, including any supplemental documentation requested by insurance company after receipt of initial claim.

6. All documents supporting Debtor's valuation of his homestead, including any documents evidencing both necessary repairs and the cost of completing such repairs.

7. For all vehicles and vehicle installment payments disclosed on Debtor's schedules, provide all purchase and financing agreements. Include any documents evidencing natural disaster-related payment deferments on these vehicles.

8. For the Debtor's 2016 Chevy pick-up truck, any written agreements between Debtor and person driving truck at the time the vehicle was totaled in summer 2021 and documentation between insured party and insurance company for this accident.

9. Documents evidencing the note between Debtor and Dana Bradshaw and Debtor's attempts to collect on that note.

10. Copies of all documentation supporting each debt referenced on Schedule E/F where debt exceeds $20,000 to include all notes, security instruments, draw requests, contracts, and/or agreements.

11. For all debts listed on Schedule E/F which are greater than $20,000, provide the following additional information:

      a. Documents evidencing the amount of credit incurred and/or goods or services purchased with such credit.
      b. For those debts in which Debtor or business received loan proceeds, an accounting of how such loan proceeds were spent.
      c. For those debts in which Debtor or business received goods on credit, an accounting of the disposition of such goods.
      d. Documents used to compile the information in response to subparagraphs b and c.

12. Any financial statements that Debtor, whether in his individual name or on behalf of any business, provided to anyone for the purpose of borrowing money during the Applicable Period.

13. A list of all real estate purchased and/or sold by Debtor and/or his businesses during the Applicable Period.

14. Provide all joint venture agreements into which Debtor and/or his businesses entered during the Applicable Period.

15. Settlement and governance documentation for any trusts for which either Debtor or any member of his immediate family (parents, children, etc.) is either a trustee or beneficiary.

16. All workbooks or sheets filled out by Debtor that were used to prepare Debtor's bankruptcy schedules, statement of financial affairs, means test, and statement of intent in this Case.

17. Docket sheets, original petitions, and responses to all lawsuits pending against Debtor during the Applicable Period.

18. The names, addresses, e-mails, and telephone numbers of all persons with custody, control, and/or preservation of any books and records kept by Debtor and/or any of his businesses.