Jonathan J. Cunningham
State Bar No. 00793574
FIDELITY NATIONAL LAW GROUP
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
(972) 812-6545
(972) 812-9408
ATTORNEY FOR
AFFIRM PROPERTY HOLDINGS, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-41656-ELM-7 |
| | § | |
| JAMES VARGA III, | § | Chapter 7 |
| Debtor | § | |

## MOTION OF AFFIRM PROPERTY HOLDINGS, LLC
## RELIEF FROM THE AUTOMATIC STAY

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, FORT WORTH, TEXAS 76102, OR THROUGH THE CM/ECF ELECTRONIC FILING SYSTEM, BEFORE CLOSE OF BUSINESS ON MARCH 31, 2022, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

COMES NOW Affirm Property Holdings, LLC (hereafter "APH" or "Movant") and files this Motion of Relief from the Automatic Stay, and in support thereof would show this Court as follows:

## BACKGROUND

1. On or about September 24, 2020, APH acquired the Property located at 1260 E. Magnolia Avenue, Fort Worth, Tarrant County, Texas 76104 ("Magnolia Avenue Property") via General

Warranty Deed, from Loan Ranger Capital Investments, LLC, who had earlier foreclosed on it on July 7, 2020.

2. On June 3, 2020, the suit was filed in Case No. 352-317210-20, the 352nd District Court, Tarrant County, Texas by thirteen (13) Plaintiffs against Defendants James Varga III, Katherine Villareal, Partners With Benefits Property Group, LLC and We're Home Real Estate Holdings, LLC, asserting claims against Defendants James Varga III, Katherine Villareal, Partners With Benefits Property Group, LLC and We're Home Real Estate Holdings, LLC for fraud, conversion, money had and received, and conspiracy and seeking only unliquidated monetary damages for return of investment.  No claims were, or are, asserted relating to the title of the Magnolia Avenue real property, the establishment of an interest in the Magnolia Avenue real property, or the enforcement of an encumbrance against the Magnolia Avenue real property.

3. On September 22, 2020, then-counsel for all 13 Plaintiffs recorded a Lis Pendens Notice relating to the Magnolia Avenue Property, recorded as Instrument No. D220241297 in the Tarrant County Property Records.

4. On February 25, 2021, then-counsel for all 13 Plaintiffs withdrew as counsel for all 13 Plaintiffs.  [*see* "Exhibit D", Order Granting Motion to Withdraw]  Subsequently, on March 3, 2021, attorney Jeffrey T. Hall filed a Notice of Appearance as counsel for 9 of the 13 Plaintiffs, and filed a Supplemental Notice of Appearance as counsel for 1 more Plaintiff (leaving Ashley Mugo, Dibyendu Mukerjee, and Rajiv Roy unrepresented, *pro se,* presumably Mr. Hall was not able to secure representation for them).

5. On July 13, 2021, one of the Defendants, James Varga III filed his Petition in Bankruptcy, Chapter 7, in Case No. 21-41656, in the U.S. Bankruptcy Court, Northern District of Texas,

and a Suggestion of Bankruptcy was filed in the state case. The Magnolia Avenue Property is not a property of the bankruptcy estate nor are any claims asserted in the bankruptcy regarding the Magnolia Avenue Property.

6. On December 16, 2021, APH was able to secure from Jeffrey T. Hall a Release of Lis Pendens on behalf of 8 of the 10 Plaintiffs he represents (apparently, Cynthia Mullen and Nianqi Wang would not respond to him); and, such Release of Lis Pendens has been recorded as Instrument No. D221378328 in the Tarrant County Property Records.

7. As a result, five (5) Plaintiffs (Ashley Mugo, Cynthia Mullen, Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy) have not release the erroneously-filed Lis Pendens affecting the Magnolia Avenue Property.

8. As a result, to protect its rights and interests in the Magnolia Avenue Property, APH finds it necessary to seek judicial remedy of the entry of an Order of Release/Expunge of the Lis Pendens as to Plaintiffs Ashley Mugo, Cynthia Mullen, Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy. APH has prepared its appropriate Motion to the state court to seek its remedy; however, because of the bankruptcy stay resulting from the current bankruptcy filing of defendant James Varga III, APH must secure an Order from this Court granting relief from the bankruptcy stay to allow the 352nd District Court, Tarrant County, Texas, in Case No. 352-317210-20, to consider and adjudicate APH's Motion to Release/Expunge Lis Pendens[1].

## **LEGAL ARGUMENT**

9. This motion requests an order from the Bankruptcy Court authorizing Movant to proceed with its Motion to Release/Expunge Lis Pendens in the 352nd District Court, Tarrant County, Texas,

---

[1] For the Court's convenience, a copy of the proposed Motion to Release/Expunge Lis Pendens is attached hereto as "Attachment 1."

in Case No. 352-317210-20, in order to protect APH's rights and interests in the Magnolia

Avenue Property, regarding an erroneously-recorded and void Notice of Lis Pendens.

10. Pursuant to 11 USC § 362(d)(1) of the Bankruptcy Code, upon request of a party in interest
and after notice and a hearing, the court shall grant relief from the [automatic] stay provided
under subsection (a) of this section, such as by terminating, annulling, modifying, or
conditioning such stay . . . for cause, including the lack of adequate protection of an interest in
property of such party in interest . . ."

11. Movant is the record title owner of the Magnolia Avenue Property, and no Plaintiff in the State
Case No. 352-317210-20, claims any interest in the Magnolia Avenue Property.

12. Additionally, Movant has reviewed the schedules filed in this case; and, Debtor James Varga
III also does not claim any interest in the Magnolia Avenue Property.

13. As a result, it is necessary for Movant to seek judicial remedy of the entry of an Order of
Release/Expunge of the Lis Pendens as to the remaining Plaintiffs Ashley Mugo, Cynthia
Mullen, Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy to secure an the entry of an Order
of Release/Expunge of the Lis Pendens that currently clouds APH's title to the Magnolia
Avenue Property.

14. Based on the foregoing, Movant seeks termination of the automatic stay to allow it to seek and
secure an Order from 352nd District Court, Tarrant County, Texas, in Case No. 352-317210-
20, ordering Release/Expunge Lis Pendens as to Plaintiffs Ashley Mugo, Cynthia Mullen,
Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy, as described in Paragraph 8 of this
Motion.

WHEREFORE, PREMISES CONSIDERED, Affirm Property Holdings, LLC respectfully prays that this Court enter an order, after notice and hearing, terminating the automatic stay as to Affirm Property Holdings, LLC to allow it to seek and secure an Order from 352nd District Court, Tarrant County, Texas, in Case No. 352-317210-20, ordering Release/Expunge Lis Pendens as to Plaintiffs Ashley Mugo, Cynthia Mullen, Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy, and grant such other and further relief as is appropriate.

Respectfully submitted,

*/s/ Jonathan J. Cunningham*

**JONATHAN J. CUNNINGHAM**
Texas Bar No.: 00793574
Email: jonathan.cunningham@fnf.com
**GREGORY T. BREWER**
Texas Bar No.: 00792370
Email: gregory.brewer@fnf.com
FIDELITY NATIONAL LAW GROUP
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
Direct: 972-812-6545
Facsimile: 972-812-9408

**ATTORNEYS FOR**
**AFFIRM PROPERTY HOLDINGS, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 17, 2022, a true and correct copy of the Motion to Lift Stay was served via electronic means as listed on the Court's ECF noticing system.

<u>/s/ Jonathan J. Cunningham</u>
Jonathan J. Cunningham

<u>*Via E-File Service*</u>
<u>*Via E-Mail to: jthallesq@gmail.com*</u>
**Jeffrey T. Hall**
State Bar No. 00787622
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 635-1839 (telephone)
(855) 830-1952 (facsimile)
jthallesq@gmail.com

<u>*Via E-File Service*</u>
<u>*Via E-Mail to: info@lesliewmadams.com*</u>
**Leslie Wm. Adams**
State Bar No. 00869810
LESLIE WM. ADAMS & ASSOCIATES
3700 Buffalo Speedway, Suite 420
Houston, Texas 77098
(713) 728-6360 (telephone)
(713) 728-6366 (facsimile)
infor@lesliewmadams.com

<u>*Via E-File Service*</u>
<u>*Via E-Mail to: rtallini@galyen.com*</u>
**Richard F. Tallini**
State Bar No. 24093548
BAILEY & GALYEN
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
(817) 276-6000 (telephone)
(817) 276-6010 (facsimile)
rtallini@gaylen.com
Counsel for Debtor

*<u>Via E-File Service</u>*
*<u>Via E-Mail to: **shawn@browntrustee.com**</u>*
**Shawn K. Brown**
P.O. Box 93749
Southlake, Texas 76092
(817) 488-6023 (telephone)
(817) 348-0777 (telephone)
shawn@browntrustee.com
Trustee

## <u>CERTIFICATE OF CONFERENCE</u>

On March 16, 2022, the undersigned conferenced with the Trustee, and the Trustee indicated that no opposition to this motion. On March 16, 2022, the undersigned conferenced with the office of counsel for the Debtor, and corresponded with Debtor's attorney, transmitting a copy of the attached Motion for conference purposes. As of the time of filing, no response from Debtor's counsel had been received.

*/s/ Jonathan J. Cunningham*
Jonathan J. Cunningham

# Attachment

## "1"

CAUSE NO. <u>352-317210-20</u>

| | | |
|---|---|---|
| **MARY FROSTO, ASHLEY MUGO,** | § | |
| **SHANE SUTTON, DEREK LEONARD,** | § | **IN THE DISTRICT COURT** |
| **DAVID REX, CYNTIA PULLEN,** | § | |
| **JAVIER VILLAREAL, SUHENDRA** | § | |
| **UTET, DIBYENDU MUKHERJEE,** | § | |
| **NIANQI WANG, RAJI ROY, JENG** | § | |
| **THITIKARN, and MARTHA SAPIEN** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **352ⁿᵈ JUDICIAL DISTRICT** |
| | § | |
| **JAMES VARGA III, a/k/a/ JIMMY** | § | |
| **VARGA, KATHERINE VILLAREAL,** | § | |
| **PARTNERS WITH BENEFITS** | § | |
| **PROPERTY GROUP, LLC and** | § | |
| **WE'RE HOME REAL ESTATE** | § | |
| **HOLDINGS, LLC** | § | |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

<u>**REAL PARTY IN INTEREST AFFIRM PROPERTY HOLDINGS, LLC'S MOTION TO RELEASE/EXPUNGE PLAINTIFFS ASHLEY MUGO, CYNTHIA PULLEN, DIBYENDU MUKHERJEE, NIANQI WANG, and RAJI ROY'S LIS PENDENS RELATING TO PROPERTY LOCATED AT 1260 E. MAGNOLIA AVENUE, FORT WORTH, TARRANT COUNTY, TEXAS 76104**</u>

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW, Real Party In Interest Affirm Property Holdings, LC ("APH"), who files this its Motion to Release/Expunge Plaintiffs Ashley Mugo, Cynthia Pullen, Dibyendu Mukherjee, Nianqi Wang, and Raji Roy's Lis Pendens Relating to Property Located At 1260 E. Magnolia Avenue, Fort Worth, Tarrant County, Texas 76104 ("Magnolia Avenue Property"), and respectfully shows:

**I.**

This Motion is necessary to remove the remaining putative cloud on APH's title to the Magnolia Avenue Property Property that the herein-named Plaintiffs' Lis Pendens has created since September 2020.

On or about September 24, 2020, APH acquired the Magnolia Avenue Property via General Warranty Deed, from Loan Ranger Capital Investments, LLC, who had earlier foreclosed on it on July 7, 2020. [*see* "Exhibit A", General Warranty Deed]

On June 3, 2020, the current case was filed by thirteen (13) Plaintiffs against Defendants James Varga III, Katherine Villareal, Partners With Benefits Property Group, LLC and We're Home Real Estate Holdings, LLC, asserting claims against said defendants for fraud, conversion, money had and received, and conspiracy and seeking only unliquidated monetary damages for return of investment. [*see* "Exhibit B", Plaintiffs' Original Petition] No claims were, or are, asserted relating to the title of the Magnolia Avenue real property, the establishment of an interest in the Magnolia Avenue real property, or the enforcement of an encumbrance against the Magnolia Avenue real property.

On September 22, 2020, then-counsel for all 13 Plaintiffs recorded a Lis Pendens Notice relating to the Magnolia Avenue Property, recorded as Instrument No. D220241297 in the Tarrant County Property Records. [*see* "Exhibit C", Notice of Lis Pendens]

On February 25, 2021, then-counsel for all 13 Plaintiffs moved to withdraw as counsel for all 13 Plaintiffs. [*see* "Exhibit D", Order Granting Motion to Withdraw] Subsequently, on March 3, 2021, attorney Jeffrey T. Hall filed a Notice of Appearance as counsel for 9 of the 13 Plaintiffs, and filed a Supplemental Notice of Appearance as counsel for 1 more Plaintiff (leaving Ashley Mugo, Dibyendu Mukerjee, and Rajiv Roy unrepresented, *pro se,* presumably Mr. Hall was not

able to secure representation for them) [*see* "Exhibit E", Notice of Appearance; "Exhibit F",

Supplemental Notice of Appearance]

On July 13, 2021, one of the Defendants, James Varga III filed a Petition in Bankruptcy,

Chapter 7, in Case No. 21-41656, in the U.S. Bankruptcy Court, Northern District of Texas, and a

Suggestion of Bankruptcy was filed herein on July 13, 2021. [*see* "Exhibit G", Suggestion of

Bankruptcy] On the basis of such filing of bankruptcy by Defendant Varga, on July 21, 2021, the

Court entered its Order Closing Case and Removing From Active Docket. [*see* "Exhibit H",

Order]

On December 16, 2021, APH was able to secure from Jeffrey T. Hall a Release of Lis

Pendens on behalf of 8 of the 10 Plaintiffs he represents (apparently, Cynthia Mullen and Nianqi

Wang would not respond to him); and, such Release of Lis Pendens has been recorded as

Instrument No. D221378328 in the Tarrant County Property Records. [*see* "Exhibit I", Release of

Lis Pendens] As a result, five (5) Plaintiffs (Ashley Mugo, Cynthia Mullen, Dibyendu Mukherjee,

Nianqi Wang, and Rajiv Roy) have not release the erroneously-filed Lis Pendens affecting the

Magnolia Avenue Property.

**II.**

On _____, 2022, APH filed with the Bankruptcy Court, in Case No. 21-41656,

it Motion for Relief From Stay, seeking an order to allow APH to pursue in this Court its Motion

to Release/Expunge Lis Pendens, against the 5 remaining Plaintiffs. On _____, 2022,

the Bankruptcy Court entered its Order, allowing APH to pursue the present Motion in the 352nd

District Court, Tarrant County, Texas.

Accordingly, the present Motion is presented to the Court, requesting that the Court enter

an Order of Release/Expunge of the Lis Pendens as to Plaintiffs Ashley Mugo, Cynthia Mullen,

Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy.  Because Plaintiffs do not seek an interest in the Magnolia Avenue Property, the recorded Lis Pendens is void and should be cancelled or expunged so as to clear the cloud created on APH's title to the Magnolia Avenue Property.

### III.

A notice of lis pendens indicates that a civil action is pending that "involves title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." *See* TEX. PROP. CODE § 12.007(a).  The lis pendens itself takes the form of an affidavit filed in the county clerk's real property records announcing that a lawsuit involving local real estate is pending in a certain court.  "Generally speaking, the purpose of a lis pendens notice is twofold: (1) to protect the filing party's alleged rights to the property that is in dispute in the lawsuit and (2) to put those interested in the property on notice of the lawsuit." *David Powers Homes, Inc. v. M.L. Rendleman Co, Inc.,* 355 S.W.3d 327, 336 (Tex.App.—Houston [1st Dist.] 2011, no pet.).

The specific statutory categories listed in § 12.007(a) provide the sole and exclusive legal basis for the filing of a lis pendens.  The plain reading of these three enumerated categories establishes that the law does not support the filing of a lis pendens unless the property itself is truly the subject of the lawsuit.  TEX. PROP. CODE § 12.0071 provides that a court shall order a notice of lis pendens expunged if it determined that "(1) the pleading on which the notice is based does not contain a real property claim"; or "(2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim."  Importantly, a notice of lis pendens based upon a legal suit that only indirectly affects the property (or is merely "collateral" to it, as courts have explained) is not valid. *Flores v. Haberman,* 915 S.W.2d 477, 478 (Tex. 1995) (per curiam).

In *Flores,* the plaintiffs brought a suit for conversion against Flores, alleging that he converted property of the plaintiffs and used the proceeds to buy certain real properties. In their petition, plaintiffs sought the imposition of a constructive trust on the properties and filed notices of lis pendens on the properties. *Id.* at 478. Because the plaintiffs sought a constructive trust in the purchased properties only to satisfy the judgment they sought against Flores, the Texas Supreme Court held that the plaintiffs' interest was no more than a collateral interest in the properties and the notices of lis pendens were therefore improper. *Id.* (citing *Moss v. Tennant,* 772 S.W.2d 762, 763 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding).

In *Moss,* the plaintiff alleged fraud, traced the proceeds obtained through that fraud to a specific property, filed a notice of lis pendens, and sought to impose a constructive trust on the property "to the extent it was purchased with the proceeds." *Moss,* 722 S.W.2d at 763. The Court of Appeals noted that the plaintiff's suit did "not seek recovery to the title to relator's property nor establish an interest in the [property] except as security for the recovery of . . . damages . . .on his fraud allegation and only to the extent he [could] trace the proceeds" used to purchase the property." *Id.* As a result, the Court of Appeals held that the plaintiff's claim was "essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of § 12.007." *Id.* The same result was reached by the Courts of Appeals in *Milberg Factors, Inc. v. Hurwitz-Nordlicht Joint Venture,* 676 S.W.2d 613, 616 (Tex.App.—Austin 1984, writ ref'd n.r.e.), *In re Wolf,* 65 S.W.3d 804, 806 (Tex.App.—Beaumont 2002, orig. proceeding), *Countrywide Home Loans, Inc. v. Howard,* 240 S.W.3d 1, 6 (Tex.App.—Austin 2007, pet. denied), and *In re Chong,*No. 14-19-00368-CV, 2019 WL 2589968 at *3 (Tex.App.—Houston [14th Dist.] June 25, 2019, orig. proceeding).

Further, *Moss* explained that an improper lis pendens is a void action. *Moss,* 722 S.W.2d

at 763; *see also Helmsley-Spear of Texas, Inc. v. Blanton,* 699 S.W.2d 643, 645 (Tex.App.—

Houston [14th Dist.] 1985, orig. proceeding) (lis pendens that does not come within the provisions

of § 12.007 is void).

Here, Plaintiffs pleaded claims seek no interest in the Magnolia Avenue Property, and the

Notice of Lis Pendens is improper and thus void.

APH has already secured and recorded a Release of Lis Pendens from most, but not all of

the Plaintiffs.  As a result, as to the remaining Plaintiffs, since they do not have any claims that

assert a title or other interest in the Magnolia Avenue Property, there is absolutely no basis for

maintaining a notice of lis pendens.  Accordingly, APH is entitled to an order expunging or

removing the Notice of Lis Pendens as to the remaining Plaintiffs Ashley Mugo, Cynthia Mullen,

Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy regarding the Magnolia Avenue Property,

pursuant to TEX. PROP. CODE § 12.0071.  A proposed Order is attached hereto as "Exhibit J."

**III.**

PREMISES CONSIDERED, Real Party In Interest Affirm Property Holdings, LLC

prays that this Court enter an order expunging and removing Plaintiffs' Ashley Mugo, Cynthia

Mullen, Dibyendu Mukherjee, Nianqi Wang, and Rajiv Roy Notice of Lis Pendens relating to the

property located at 1260 E. Magnolia Avenue, Fort Worth, Tarrant County, Texas 76104, as well

as any other relief, whether at law or equity, to which Real Party In Interest Affirm Property

Holdings, LLC may justly be entitled to.

Respectfully submitted,

BY:    */s/ Jonathan Cunningham*
**JONATHAN J. CUNNINGHAM**
State Bar No. 00793574
Jonathan.cunningham@fnf.com
**GREGORY T. BREWER**
State Bar No. 00792370
Gregory.brewer@fnf.com
FIDELITY NATIONAL LAW GROUP
6900 Dallas Parkway, Suite 610
Plano, TX 75024
Phone: (972) 812-6545
Fax: (972) 812-9408
**ATTORNEYS FOR**
**REAL PARTY IN INTEREST**
**AFFIRM PROPERTY HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on the ___ day of _____, 2022 addressed as follows:


*Via E-File Service*
*Via E-Mail to: jthallesq@gmail.com*
**Jeffrey T. Hall**
State Bar No. 00787622
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 635-1839 (telephone)
(855) 830-1952 (facsimile)
jthallesq@gmail.com

*Via E-File Service*
*Via E-Mail to: info@lesliewmadams.com*
**Leslie Wm. Adams**
State Bar No. 00869810
LESLIE WM. ADAMS & ASSOCIATES
3700 Buffalo Speedway, Suite 420
Houston, Texas 77098
(713) 728-6360 (telephone)
(713) 728-6366 (facsimile)
infor@lesliewmadams.com


*/s/ Jonathan J. Cunningham*
Jonathan J. Cunningham

# Exhibit

## "A"

Page 1 of 5

D220252601  10/2/2020 8:38 AM    PGs 5    Fee: $27.00    Submitter: SIMPLIFILE

Electronically Recorded by Tarrant County Clerk in Official Public Records    Mary Louise Nicholson
Mary Louise Nicholson

GF. 2008 003240 / CWAT

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

### General Warranty Deed

**Date:**  September 24, 2020

**Grantor:**    Loan Ranger Capital Investments, LLC, a Texas limited liability company

**Grantor's Mailing Address:**

   Loan Ranger Capital Investments, LLC
   2235 E 6th Street, Suite 103
   Austin, Texas 78702

**Grantee:**    Affirm Property Holdings, LLC, a Texas limited liability company

**Grantee's Mailing Address:**

   Affirm Property Holdings, LLC
   2803 Atrium Dr
   Grand Prairie, Texas 75052

**Consideration:**

   TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged.

**Property (including any improvements):**

   Lot 5, Block 28, LAKE VIEW ADDITION, an addition to the City of Fort Worth, Tarrant County, Texas, according to the map or plat thereof recorded in Volume 204B, Page 5, Plat Records, Tarrant County, Texas.

**Reservations from Conveyance:**

   None

**Exceptions to Conveyance and Warranty:**

   Validly existing restrictive covenants common to the platted subdivision in which the Property is located; standby fees, taxes, and assessments by any taxing authority for the year 2020 and subsequent years; validly existing utility easements created by the dedication deed or

1

plat of the subdivision in which the Property is located; any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements; homestead or community property or survivorship rights, if any, of any spouse of Grantee; and any validly existing titles or rights asserted by anyone, including but not limited to persons, the public, corporations, governments, or other entities, to (1) tidelands or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs, or oceans, (2) lands beyond the line of the harbor or bulkhead lines as established or changed by any government, (3) filled-in lands or artificial islands, (4) water rights, including riparian rights, or (5) the area extending from the line of mean low tide to the line of vegetation or the right of access to that area or easement along and across that area.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

When the context requires, singular nouns and pronouns include the plural.

Loan Ranger Capital Investments, LLC, a Texas limited liability company

Zachary Lofton, Member

STATE OF TEXAS                    )

COUNTY OF __Travis__              )
                                  )

Before me, the undersigned Notary Public, on this day personally appeared Zachary Lofton, proved to me through __D.L_____ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that Zachary Lofton executed the same as the act of Loan Ranger Capital Investments, LLC, a Texas limited liability company, as its Member, for the purposes and consideration therein expressed.

Given under my hand and seal of office this __24__ day of __September__, 2020.

AURORA PEREZ
Notary Public
State of Texas
ID # 5233357
Comm. Expires 03-14-2022

Notary Public, State of Texas

2

**AFTER RECORDING RETURN TO:**

Affirm Property Holdings, LLC
2803 Atrium Dr
Grand Prairie, Texas 75052

# Exhibit

# "B"

FILED
TARRANT COUNTY
6/3/2020 10:40 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. _____    352-317210-20    _____

| | | |
|---|---|---|
| MARY FROSTO, ASHLEY | § | IN THE _____ |
| MUGO, SHANE SUTTON, | § | |
| DEREK LEONARD, DAVID | § | |
| REX, CYNTHIA PULLEN, | § | |
| JAVIER VILLARREAL, | § | |
| SUHENDRA UTET, DIBYENDU | § | |
| MUKHERJEE, NIANQI | § | |
| WANG, RAJIV ROY, JENG | § | |
| THITIKARN, AND | § | |
| MARTHA SAPIEN, | § | |
| *Plaintiffs* | § | DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| JAMES VARGA, III, aka | § | |
| JIMMY VARGA, | § | |
| | § | |
| KATHERINE VILLARREAL, | § | |
| | § | |
| PARTNERS WITH BENEFITS | § | |
| PROPERTY GROUP LLC, | § | |
| | § | |
| AND | § | |
| | § | |
| WE'RE HOME REAL ESTATE | § | |
| HOLDINGS, LLC | § | |
| *Defendants* | § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND
## REQUESTS FOR DISCLOSURES

COME NOW, MARY FROSTO, ASHLEY MUGO, SHANE

SUTTON, DEREK LEONARD, DAVID REX, CYNTHIA PULLEN,

JAVIER    VILLARREAL,    SUHENDRA    UTET,    DIBYENDU

MUKHERJEE, NIANQI WANG, RAJIV ROY, JENG THITIKARN and
MARTHA SAPIEN, Plaintiffs, and file this, their Original Petition and
Requests for Disclosures, complaining of JAMES VARGA, III, aka
JIMMY VARGA, KATHERINE VILLARREAL, PARTNERS WITH
BENEFITS PROPERTY GROUP, LLC and WE'RE HOME REAL
ESTATE HOLDINGS, LLC, Defendants, and would show in support
thereof:

1.

### Discovery Level

1.1    Plaintiffs intend to conduct discovery under Tex. R. Civ. P.
190.3.

2.

### Parties

*Plaintiffs*:

2.1    MARY FROSTO is a natural person and a resident of Denton
County, Texas.

2.2    ASHLEY MUGO is a natural person and a resident of
Kaufman County, Texas.

2.3    SHANE SUTTON is a natural person and a resident of
Dallas County, Texas.

2.4     DEREK LEONARD is a natural person and a resident of Collin County, Texas.

2.5     DAVID REX is a natural person and a resident of Tarrant County, Texas.

2.6     CYNTHIA PULLEN is a natural person and a resident of Dallas County, Texas.

2.7     JAVIER VILLARREAL is a natural person and a resident of Denton County, Texas.

2.8     SUHENDRA UTET is a natural person and a resident of Denton County, Texas.

2.9     DIBYENDU MUKHERJEE is a natural person and a resident of Dallas County, Texas.

2.10    NIANQI WANG is natural person and a resident of Denton County.

2.11    RAJIV ROY is a natural person and a resident of Dallas County, Texas.

2.12    JENG THITIKARN is a natural person and a resident of Dallas County, Texas.

2.13    MARTHA SAPIEN is a natural person and a resident of Denton County, Texas.

### Defendants:

2.14   JAMES VARGA, III, aka JIMMY VARGA is a natural person. He may be served with process at 4215 Southcrest Drive, Arlington, Texas 76013-5513, or wherever he may be found.

2.15   KATHERINE VILLARREAL is a natural person. She may be served with process at the following addresses or wherever she may be found: 605 Parker Drive, Euless, Texas 76039 or 4101 W. Green Oaks Drive, Suite 235, Arlington, Texas 76106.

2.16   PARTNERS WITH BENEFITS PROPERTY GROUP, LLC is a business entity, that may or may not be currently extant. It may be served with process by serving its registered agent for service of process, Jimmy Varga, 4215 Southcrest Drive, Arlington, Texas 76013-5513.

2.17   WE'RE HOME REAL ESTATE HOLDINGS, LLC is a business entity, that may or may not be currently extant. It may be served with process by serving its registered agent for service of process, Jimmy Varga, 4215 Southcrest Drive, Arlington, Texas 76013-5513.

3.

## Jurisdiction

3.1   Jurisdiction is appropriate in this Court. This Court has personal and subject matter jurisdiction. The damages requested by Plaintiffs are within the minimum jurisdictional limits of this Court.

4.

## Venue

4.1    Venue is appropriate in Tarrant County, Texas. Tarrant County is where (a) all or a substantial part of the events or omissions giving rise to the Plaintiffs' claim occurred, (b) the Defendants' resided at the time the cause of action accrued, and concerning the business entities, (c) where their principal offices were located.

5.

## Factual Background

*Overview:*

5.1    In 2018, Defendant Jimmy Varga formed Partners with Benefits Property Group, LLC. The purpose of this entity ostensibly was to solicit clients for joint ventures and other vehicles in which to invest for the purchase and development of real property.

5.2    Again in 2018, Defendant Katherine Villarreal joined Partners with Benefits Property Group, LLC, as its Marketing Director and Seminar presenter.

5.3    Defendants Varga and Villarreal began soliciting investors through dinners and seminars at which one or both would make presentations to potential investors.

5.4    In one solicitation, Villarreal caused an advertisement to

issue, which stated:



5.5     This and other events around this time were sponsored by Defendant Partners with Benefits Property Group, LLC, an entity owned and controlled by Defendant Varga.

5.6     In this solicitation, Defendant Villarreal implied that she was an investment and financial professional, which she was not.

5.7     Expensive dinners were used by Defendants to solicit investors. Defendants falsely told potential investors that the investment schemes offered by Defendants offered substantial income with little or no risk. Individuals could participate in a joint venture, fund a gap loan, or fund a line of credit that would generate a large return on investment. Defendants represented that the financial vehicles were used to develop real properties under construction or development. In truth and in fact, little or no construction was done, and the properties allegedly developed were nothing more than cheap undeveloped lots. Defendant Varga diverted the monies invested to his own use and benefit.

5.8     By the end of 2018, investors were beginning to demand an accounting, to no avail.

5.9     In early 2019, Partners with Benefits Property Group, LLC (PWB) began defaulting on joint ventures and gap loans with the individual investors.

5.10  In January 2019, Defendant Villarreal acknowledged to Plaintiff Mary Frosto that PWB was behind by five months on paying her for one of the properties (on which Frosto held the first deed of trust) but that PWB would pay her soon because PWB was bringing on a million-dollar investor.

5.11  This investor, Susan Graham, was to be yet another victim who lost all of her million-dollar plus investment. This investment represented her entire life savings.

5.12  From time to time, Defendant Villarreal spoke with Plaintiffs, lulling them into a false sense of security that all was well with PWB, Varga and We're Home Real Estate Holdings (WHR).

5.13  In July 2019, all construction stopped.

5.14  PWB and Varga had borrowed $16 million from hard-money lenders, Capstone and Loan Ranger. In August 2019, PWB stopped payments on those loans.

5.15  Intending to further his scheme to defraud, and avoid liabilities that were piling up with PWB, Defendant Varga formed We're Home Real Estate Holdings, LLC (WHR). Varga transferred at least one property and group of investors to WHR.

5.16  WHR then borrowed $140,000 from Lone Ranger for construction purposes.

5.17 In September 2019, PWB employees began quitting because Defendant Varga ceased paying them.

5.18 In October 2019, Defendant Varga raised $70,000 from three investors for a property, known as the Magnolia property.

5.19 In December 2019, Defendant Villarreal initiated two conference calls with Plaintiffs. Villarreal stated that unless $500,000 was raised in twenty-four hours, PWB would have to close and everyone would lose their investments.

5.20 Villarreal then in January 2020 informed Plaintiffs that Defendant Varga had found the money needed through an equity buyer in New York.

5.21 By February 2020, several of the investment properties were scheduled for foreclosure, due to Defendant Varga's failure to pay his various loans.

5.22 In an attempt to forestall foreclosure, Defendant filed frivolous lawsuits against the hard money lenders. These suits were dismissed.

5.23 In March 2020, with the properties again scheduled for foreclosure, and in fact on the last day before foreclosure, Defendant Varga filed for bankruptcy protection for PWB and WHR.

5.24  In that same month, both bankruptcy petitions were dismissed because Defendant Varga failed and refused to supply appropriate schedules and documentation.

5.25  In April 2020, attorney Daena Ramsey, representing PWB, offered Plaintiffs a cash payment of sixty percent of their investments, contingent upon a release of all claims, liens, or other obligations. This offer was good only for forty-eight hours, the terms were not negotiable, and this was a one-time offer.

5.26  At other times in 2020, Ramsey told some of the Plaintiffs that Varga had secured payment of $20 million from a new investor, and the investor wired funds in that amount, but the investor's bank would not process the wired funds due to the large amount. Later on, Ramsey told some of the Plaintiffs that, due to the Covid-19 outbreak, the investor had backed out.

5.27  Defendant Varga closed his office and is now believed to be working at home. He has refused to speak with any of the Plaintiffs, has said he would not do so without a non-disclosure agreement and has not delivered an accounting to any of the Plaintiffs.

5.28.  Further facts are listed below for the individual Plaintiffs.

5.29 **Mary Frosto**: Frosto invested $104,290 with Varga. She has

not received an accounting or any return on her investment or her

investment back.

5.30 **Ashley Mugo**: Mugo invested $100,000 with Varga. She

opted to be a gap loan lender, with a personal guarantee from Varga and

a promissory note from PWB. At the time of her investment in October

2018, she understood that she was to be the first lien holder on a property

located at 100 Lindenwood Drive, Fort Worth, Texas 76107. In July 2019,

construction on this property ceased. Her efforts to contact PWB, Varga

or Villarreal did not bear fruit. Mugo participated in the December 29,

2019 conference calls. After the calls, she began to investigate. She

discovered that the Lindenwood property was scheduled for foreclosure

because Varga had not paid Lone Star, the hard-money lender, and that

Lone Star was now in first position on the deed. Mugo has never received

an accounting, any return on her investment or any portion of her

investment back.

5.31 **Shane Sutton**: Sutton invested $80,000 with Varga in 2018.

He invested $30,000 of the $80,000 in a joint venture agreement with

Varga through PWB. He participated in the Villarreal conference calls.

After the calls, Sutton investigated and found that he was not on the

deed to the property, as promised, and further discovered that PWB had

not performed on its obligations to him. He has never received an accounting, or any portion of his investment back.

5.32   **Derek Leonard**: Leonard invested $60,000 with Varga in 2018. He participated in the December 29, 2019 Villarreal conference calls. After the calls, Leonard investigated and found that he was not on the deed to the properties, as promised, and further discovered that PWB had not performed on its obligations to him. He has never received an accounting, any return on his investment or any portion of his investment back.

5.33   **David Rex**: At the time of his investment, $51,700, in June 2019, foundation work on the project in which he invested had begun. The next month, July 2019, all construction work ceased. By office messages, texts and emails, Rex demanded answers from Varga as to the status of development of his investment. Varga refused to respond to any requests for information. Rex participated in the December 2019 Villarreal conference calls. After the calls, Rex discovered that his investment property was scheduled for foreclosure because Varga had not paid the hard-money lender and the lender was now in first position on the deed. He has never received an accounting, any return on his investment or any portion of his investment back.

5.34: **Cynthia Pullen**: Pullen invested $35,500 with PWB. She has not received an accounting or any return on her investment or her investment back.

5.35: **Javier Villarreal**: Villarreal (no relation to Defendant Katherine Villarreal) invested $30,000 with PWB. After the conference calls with Katherine Villarreal, Plaintiff Javier Villarreal discovered that he was not listed on the deed on his investment property, as promised. He has not received an accounting, any return on his investment or his investment back.

5.36: **Suhendra Utet**: Utet invested $25,000 with PWB. He was also a participant in the December 2019 conference calls. In January 2020, Utet began investigating, emailing, and texting Varga for information. In that same month, Utet sent Varga a certified letter, demanding an opportunity to examine the books. Varga never responded. Utet visited the PWB office, which was closed. Katherine Villarreal then placed a lulling phone call to Utet, claiming that Varga was busy closing the office and raising further capital. On January 12, 2020, Utet received a lulling letter stating that Varga was working on more options to raise capital. Utet's investigation revealed that the property in which he had been invested had been transferred from PWB to WHR. The property had been sold, without Utet's knowledge to

another person on August 30, 2019. At the time of the lulling letter and phone call, Defendants Varga and Villarreal well knew the property was no longer an investment vehicle for Plaintiff Utet and had been sold, with none of the proceeds going to Utet. He has not received an accounting, any return on his investment or his investment back.

5.37: **Dibyendu Mukherjee**: Mukherjee invested $21,233 with PWB. He has not received an accounting, any return on his investment or his investment back.

5.38: **Nianqi Wang**: Wang invested $21,233 with PWB. She has not received an accounting, any return on her investment or her investment back.

5.39: **Rajiv Roy**: Roy invested $21,233 with PWB. He was a participant in the December 2019 conference calls. After the calls, he investigated and found that he was not on the deed for the property in which he invested and PWB had not performed on its obligations. He has not received an accounting, any return on his investment or his investment back.

5.40: **Jeng Thitikarn**: Ms. Thitikarn invested $10,000 with PWB. She has not received an accounting, any return on her investment or her investment back.

5.41: **Martha Sapien:** Ms. Sapien invested $10,000 with PWB. She also participated in the December 2019 conference calls. After the calls, she discovered that her name was not on the deed of the investment property, as promised. She has not received an accounting, any return on her investment or her investment back.

5.42: In all, Defendants Varga and Villarreal received $570,189.00 from the Plaintiffs, which they converted to their own use and benefit. As of June 2, 2020, all of Varga's properties were sold at a foreclosure sale.

6.

## Count One: Civil Conspiracy

6.1   Plaintiffs reincorporate paragraphs 5:1-5.41 in this Count.

6.2   Defendants Jimmy Varga and Katherine Villarreal, in combination with each other, conspired to defraud Plaintiffs of their investment funds.

6.3   Defendants knew that the agreed-upon acts would result in harm to the Plaintiffs.

6.4   To accomplish the object of their agreement, Defendants performed one or more of the following overt acts:

a.    Advertising and representing that they had investment, financial and real estate knowledge, experience, and expertise that they did not in fact have.

b.    Promising the Plaintiffs that they would receive a substantial return on their investments.

c.    Soliciting and receiving funds from the Plaintiffs that Defendants did not intend to use as promised, in the investment and development of real properties.

d.    Converting said funds to their own use and benefit.

e.    Obtaining funds from lenders, using the Plaintiffs' investment properties as collateral.

f.    Failing to pay taxes on the investment properties.

g.    Causing mechanics and materialmens liens to be placed on the properties.

h.    Failing to pay the amounts due to the hard-money lenders, causing the properties to go into foreclosure.

i.    Filing frivolous lawsuits against the lenders, attempting to forestall foreclosure.

j.    Filing frivolous and incomplete bankruptcy petitions, in a further attempt to stay foreclosure.

k. Closing the PWB office so that Plaintiffs could not visit Defendants personally.

l. Causing a conference call with Plaintiffs falsely representing that PWB was insolvent and that Plaintiffs would be required to invest an additional $500,000, on pain of losing their original investments.

m. Sending lulling communications, including, but not limited to, emails, text messages, letters, and phone calls, designed to lull Plaintiffs into a false sense of security concerning their investments and prevent calls for refunds, legal action or other relief.

n. Refusing an accounting to all Plaintiffs, refusing to communicate with Plaintiffs regarding the status of their investments or properties and refusing to allow Plaintiffs to examine the books of PWB.

o. Further encumbering the investment properties by pledging them to other investors and failing to disclose these acts to Plaintiffs.

p. Failing and refusing to place the Plaintiffs' names on the deeds of the investment properties.

q. Failing and refusing to place the Plaintiffs' names on the deeds of the investment properties as first lien holders.

r. Failing and refusing to protect the Plaintiffs interest in the investment properties from claims by other persons or entities, including, but not limited to liens and foreclosure.

s.      Selling the investment properties to persons other than the Plaintiffs who had invested in the properties.

t.      Failing and refusing to provide Plaintiffs with any return on their investments.

u.      Failing and refusing to return the investment funds to Plaintiffs.

6.5     Defendants' agreement to perform these underlying and overt acts proximately caused injury to Plaintiffs, depriving them of the following:

a.      Benefit of the bargain.

b.      Out of pocket damages.

c.      Lost profits

d.      No return on investment and

e.      Loss of their original investment amounts.

6.6     Plaintiffs therefore seek unliquidated damages in an amount within the jurisdictional limits of this Court.

6.7     Plaintiffs' injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, entitling them to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 (a).

7.

## Count Two: Common Law Fraud

7.1    Plaintiffs reincorporate paragraphs 5:1-5.41 in this Count.

7.2    Defendants represented to Plaintiffs that:

a.    They had investment, financial and real estate knowledge that they did not in fact have.

b.    That Plaintiffs would receive a substantial return on their investments.

c.    That Defendants would use the invested funds for the stated investment purposes and goals.

7.3    Defendants' representations to Plaintiffs were material because they induced Plaintiffs to invest funds with Defendant Varga and PWB and/or WHR.

7.4    Defendants' representations constituted false statements of fact as Defendants did not intend to perform on their agreements with Plaintiffs, as more fully described above in Section 6.4 (a)-(u) and that Defendants intended to convert the investment funds to their own use and benefit.

7.5    Defendants representations also constituted false promises of future performance, as more fully described above in Section 6.4 (a)-(u).

7.6 Defendants' conduct, as more fully described above in Section 6.4 (a)-(u), amounted to false representations to Plaintiffs.

7.7 Defendants made the false representations to Plaintiffs knowing they were false.

7.8 Defendants intended for Plaintiffs to rely on the false representations and expected that Plaintiffs would rely on these false representations.

7.9 Plaintiffs justifiably relied on Defendants' false representations by investing with Defendants and PWB.

7.10 Defendants' false representations directly and proximately caused the following injuries to Plaintiffs:

a. Benefit of the bargain.

b. Out of pocket damages.

c. Lost profits

d. No return on investment and

e. Loss of their original investment amounts.

7.11 Plaintiffs therefore seek unliquidated damages in an amount within the jurisdictional limits of this Court.

7.12 Plaintiffs' injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, entitling them to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 (a).

8.

## Count Three: Fraud by Nondisclosure

8.1    Plaintiffs reincorporate paragraphs 5:1-5.41 in this Count.

8.2    Defendants failed to disclose and concealed from Plaintiffs with respect to the investment offerings and subsequent investments by Plaintiffs material facts, to wit:

a.    That Defendants did not intend to perform their obligations under the investments.

b.    That Defendants intended to convert the investment funds to their own use and benefit.

8.3    Defendants had a fiduciary duty to disclose the information to Plaintiffs because they sold real estate interests to Plaintiffs.

8.4    Defendants had a duty to disclose the information to Plaintiffs because Defendants partially disclosed some of the information to Plaintiffs, which created a substantially false impression.

8.5    Defendants had a duty to disclose the information because Defendants voluntarily disclosed some of the information to Plaintiffs.

8.6    The information was material because, had Plaintiffs known of this information, they would not have invested monies with Defendants and PWB and/or WHR.

8.7    Defendants knew Plaintiffs were ignorant of the information and did not have an equal opportunity to discover the truth.

8.8    Defendants deliberately remained silent and did not disclose the information to Plaintiffs.

8.9    By deliberately remaining silent, Defendants intended for Plaintiffs to act without the information.

8.10   Plaintiffs justifiably relied upon Defendants' deliberate silence.

8.11   Defendants' deliberate silence directly and proximately caused injury to Plaintiffs, to wit:

a.    Benefit of the bargain.

b.    Out of pocket damages.

c.    Lost profits

d.    No return on investment and

e.    Loss of their original investment amounts.

8.12   Plaintiffs therefore seek unliquidated damages in an amount within the jurisdictional limits of this Court.

8.13   Plaintiffs' injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, entitling them to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 (a).

9.

## Count Four: Statutory Fraud

9.1    Plaintiffs reincorporate paragraphs 5:1-5.41 in this Count.

9.2    Plaintiffs and Defendants were parties to transactions involving interests in real estate.

9.3    During the transaction, Defendants made false representations of material facts to Plaintiffs, to wit:

    a.    They had investment, financial and real estate knowledge that they did not in fact have.

    b.    That Plaintiffs would receive a substantial return on their investments.

    c.    That Defendants would use the invested funds for the stated investment purposes and goals.

9.4    Defendants made the false representations to Plaintiffs for the purposes of inducing Plaintiffs to invest in the real properties and sign joint venture agreements, gap loan documents and other agreements.

9.5    Plaintiffs justifiably relied on the Defendants' false representations by investing in the real properties, signing the joint venture agreements, gap loan documents and other agreements.

9.6    Defendants' false representations directly and proximately caused Plaintiffs injuries and damages, to wit:

a.    Benefit of the bargain.

b.    Out of pocket damages.

c.    Lost profits

d.    No return on investment and

e.    Loss of their original investment amounts.

9.7    Plaintiffs therefore seek unliquidated damages in an amount within the jurisdictional limits of this Court.

9.8    Plaintiffs' injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, entitling them to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 (a).

9.9    Plaintiffs are entitled to recover reasonable and necessary attorneys' fees, expert witness fees, court costs and costs for copies of depositions under Tex. Bus. & Comm. Code § 27.01 (e).

10.

## Count Five: Conversion

10.1   Plaintiffs reincorporate paragraphs 5:1-5.41 in this Count.

10.2   Plaintiffs owned the following personal property, to wit: current money of the United States of America.

10.3   Defendants wrongfully acquired and exercised dominion and control over the property.

10.4   In the alternative, even if Defendants legally acquired possession of Plaintiffs' personal property, they wrongfully exercised dominion and control over the property by using it in a way that deviated from the conditions under which it was received.

10.5   Defendants refused to return the money on Plaintiffs' demand.

10.6   Defendants' acts amounted to a clear repudiation of Plaintiffs' rights.

10.7   In the alternative, a demand for the return of the property would have been useless.

10.8   Defendants' wrongful acts directly and proximately caused injury to Plaintiffs, which resulted in the following damages:

a.      Loss of use of the money.

b.      Loss of profits from the money invested.

10.9   Plaintiffs therefore seek unliquidated damages in an amount within the jurisdictional limits of this Court.

10.10  Plaintiffs' injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, entitling them to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 (a).

11.

### Count Six: Texas Theft Liability Act

11.1  Plaintiffs reincorporate paragraphs 5:1-5.41 in this Count.

11.2  Plaintiffs bring this action under the Texas Theft Liability Act for unlawful appropriation of property, to wit: current money of the United States of America, under Tex. Penal Code § 31.03.

11.3  Plaintiffs owned the property described above.

11.4  Defendants unlawfully appropriated the property by false representations and nondisclosure of material facts.

11.5  Defendants' appropriation of the property was made with intent to deprive Plaintiffs of the property.

11.6  Defendants' wrongful conduct caused injury to Plaintiffs, resulting in the following damages, to wit:

a.  Loss of use of the money.

b.  Loss of profits from the money invested.

11.7  Plaintiffs therefore seek unliquidated damages in an amount within the jurisdictional limits of this Court.

11.8  Plaintiffs' injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, entitling them to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 (a).

11.9  Upon proof of actual damages, Plaintiffs are entitled to additional statutory damages of up to $1,000 from Defendants under Tex. Civ. Prac. & Rem. Code § 134.005 (a) (1).

11.10 Plaintiffs are entitled to recover court costs and reasonable and necessary attorney's fees under Tex. Civ. Prac. & Rem. Code § 134.005 (b).

12.

## Count Seven: Money Had and Received

12.1   Plaintiffs reincorporate paragraphs 5:1-5.41 in this Count.

12.2   Defendants hold money that, in equity and good conscience, belongs to Plaintiffs, to wit: their investment monies. Defendants wrongfully converted and appropriated these funds as more fully described in paragraphs 5:1-41.

12.3   Therefore, Plaintiffs seek liquidated damages of at least $570,189.00.

12.4   Plaintiffs' injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, entitling them to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003 (a).

13.

## Jury Demand

13.1   Plaintiffs demand a jury trial and tender the appropriate fee.

14.

## Conditions Precedent

14.1   All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

15.

## Request for Disclosure

15.1   Under Tex. R. Civ. P. 194, Plaintiffs request that Defendants disclose, within fifty (50) days of service of this request, the information or material described in rule 194.2.

16.

## Rule 47 Pleading

16.1   Plaintiffs request all relief to which they may be entitled.

16.2   Plaintiffs' demands for damages are within the minimum jurisdictional limits of this Court.

16.3   Plaintiffs request damages of monetary relief of over $1,000,000.00.

17.

## Prayer for Relief

17.1    For these reasons, Plaintiffs pray that Defendants be cited

to appear and answer, and that on final trial of this case, Plaintiffs be

awarded:

    a.    Actual damages.

    b.    Prejudgment and postjudgment interest.

    c.    Costs of court.

    d.    Exemplary damages.

    e.    Statutory damages.

    f.    All other relief to which Plaintiffs are entitled.

Respectfully submitted,

**/s/ John D. Nation**
John D. Nation
State Bar No. 14819700 
4925 Greenville, Suite 200
Dallas, Texas 75206
214-800-5160
214-800-5161 (facsimile)
nationlawfirm@gmail.com

William D. Sheetz
State Bar No. 18180900
1702 Barclay Drive
Arlington, Texas 76018
817-301-7155
817-467-0205 (facsimile)
deftmaneuver@aol.com

Attorneys for Plaintiffs

# Exhibit

## "C"

STATE OF TEXAS

COUNTY OF TARRANT

NOTICE OF LIS PENDENS

Notice is hereby given that cause number 352-317210-20 styled Mary

Frosto, Ashley Mugo, Shane Sutton, Derek Leonard, David Rex, Cynthia Pullen,

Javier Villarreal, Suhendra Utet, Dibyendu, Mukherjee, Nianqi Wang, Rajiv Roy,

Jeng Thitikarn, and Martha Sapien, Plaintiffs vs. James Varga, III, aka Jimmy

Varga, Katherine Villarreal, Partners With Benefits Property Group LLC, and

We're Home Real Estate Holdings, LLC, Defendants, was commenced on the 3rd

day of June, 2020 in the 352nd Judicial District Court of Tarrant County, Texas,

which is now pending in said court.  The aforementioned Plaintiffs filed said

suit for damages.  This suit may affect title to the following property:

Lot 5, Block 28, Lake View Addition, an addition to the City of Fort Worth,
Tarrant County, Texas, according to the map or plat thereof recorded in Volume
204B, Page 5, Plat Records, Tarrant County, Texas and commonly known as 1260
Magnolia Avenue, Fort Worth, Texas 76104.

Signed this 22nd day of September 2020.

William D. Sheetz
State Bar No. 18180900
1702 Barclay Drive
Arlington, Texas 76018
817-301-7155
817-467-0205 (facsimile)
deftmaneuver@aol.com
Attorney for the Plaintiffs

STATE OF TEXAS

COUNTY OF TARRANT

Before me, the undersigned, a Notary Public, in and for the state of Texas on this 22nd day of September personally appeared William D. Sheetz known to me to be the same identical person who executed the within foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal of office the day and year last above written.

My commission expires 11-01-2023

Signature of Notary of Public _____

Printed Name of Notary Public Timothy Nathan Rodriguez

TIMOTHY N. RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 11-01-2023
Notary ID 132235829



MARY LOUISE NICHOLSON
COUNTY CLERK

100 West Weatherford   Fort Worth, TX  76196-0401

PHONE (817) 884-1195

WILLIAM D SHEETZ
1702 BARCLAY DRIVE
ARLINGTON, TX 76018

Submitter:   WILLIAM D SHEETZ

## _DO NOT DESTROY_
## _WARNING - THIS IS PART OF THE OFFICIAL RECORD._

Filed For Registration:   9/22/2020 4:51 PM

Instrument #:   D220241297

LP          3      PGS          $23.00

By: _Mary Louise Nicholson_

D220241297

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY
BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

# Exhibit

# "D"

352-317210-20

FILED
TARRANT COUNTY
3/8/2021 12:35 PM
THOMAS A. WILDER
DISTRICT CLERK

## NO. 352-317210-20

| | | |
|---|---|---|
| MARY FROSTO, ASHLEY MUGO, SHANE SUTTON, DEREK LEONARD, DAVID REX, CYNTHIA PULLEN, JAVIER VILLARREAL, SUHENDRA UTET, DIBYENDU MUKHERJEE, NIANQI WANG, RAJIV ROY, JENG THITIKARN, AND MARTHA SAPIEN, | § § § § § § § § § § § § | IN THE 352ND |
| *Plaintiffs* | § § | DISTRICT COURT OF |
| VS. | § § § | |
| JAMES VARGA, III, aka JIMMY VARGA, | § § § § | |
| KATHERINE VILLARREAL, | § § § | |
| PARTNERS WITH BENEFITS PROPERTY GROUP LLC, | § § § § | |
| AND | § § | |
| WE'RE HOME REAL ESTATE HOLDINGS, LLC | § § § | |
| *Defendants* | § | TARRANT COUNTY, TEXAS |

## ORDER GRANTING MOTION TO WITHDRAW

On March 11, 2021, came on to be heard the motion filed by
William D. Sheetz and John D. Nation for leave to withdraw from
representing the Plaintiffs. The Court finds that Plaintiffs have received

  *LAA*

Order Granting Motion to Withdraw
Page 1 of 2

at least ten days' notice from counsel that the motion to withdraw had

been filed and would be heard by this Court on March 11, 2021. The

Court finds that the motion should be granted. Accordingly, the Court

hereby ORDERS that William D. Sheetz and John D. Nation are hereby

given leave to withdraw and are withdrawn as counsel for Plaintiffs.

Signed this  8th  day of ~~March~~ June 2021.


_____

Judge Presiding

| | |
|---|---|
| **From:** | Lisa A. Adams |
| **To:** | JTHALLESQ@GMAIL.COM; NATIONLAWFIRM@GMAIL.COM; DEFTMANEUVER@AOL.COM; INFO@LESLIEWMADAMS.COM; DHAFER@CURNUTTHAFER.COM; DRAMSEY@CANTEYHANGER.COM |
| **Subject:** | 352-317210-20 Order Granting Motion to Withdraw |
| **Date:** | Thursday, June 10, 2021 2:43:00 PM |
| **Attachments:** | 3523172102000071.PDF |

# Exhibit

## "E"

352-317210-20

FILED
TARRANT COUNTY
3/25/2021 9:19 AM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 352-317210-20**

| | | |
|---|---|---|
| MARY FROSTO, ASHLEY MUGO, | § | IN THE DISTRICT COURT |
| SHANE SUTTON, DEREK LEONARD, | § | |
| DAVID REX, CYNTHIA PULLEN, | § | |
| JAVIER VILLARREAL, SUHENDRA | § | |
| UTET, DIBYENDU MUKHERJEE, | § | |
| NIANQI WANG, RAJIV ROY, JENG | § | |
| THITIKARN, AND MARTHA SAPIEN, | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | 352ND JUDICIAL DISTRICT |
| | § | |
| JAMES VARGA, III, aka JIMMY VARGA, | § | |
| KATHERINE VILLARREAL, PARTNERS | § | |
| WITH BENEFITS PROPERTY GROUP, | § | |
| LLC, AND WE'RE HOME REAL ESTATE | § | |
| HOLDINGS, LLC | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## NOTICE OF APPEARANCE AND DESIGNATION AS ATTORNEY IN CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, MARY FROSTO, SHANE SUTTON, DEREK LEONARD, DAVID REX, CYNTHIA PULLEN, JAVIER VILLARREAL, SUHENDRA UTET, JENG THITIKARN, and MARTHA SAPIEN, makingand filing this his *Notice of Appearance and Designation as Attorney in Charge* and, in support thereof, would respectfully show unto the Court as follows:

Jeffrey T. Hall, Attorney at Law ("Hall") hereby makes his Notice of Appearance and above-designated Plaintiffs designate Hall as attorney in charge. Hall will be responsible for the suit and shall be the attorney to receive all communications from the Court and other parties. Hall's address for service is 1700 Pacific Avenue, Suite 4750, Dallas, Texas 75201; his phone numbers are (214)

**NOTICE OF APPEARANCE AND
DESIGNATION AS ATTORNEY IN CHARGE**                                 **Page - 1**

635-1839 (voice line) and (855) 830-1952 (facsimile); and, his email is jthallesq@gmail.com.

Respectfully submitted:


By: /s/ Jeffrey T. Hall
    Jeffrey T. Hall
    State Bar No. 00787622
    jthallesq@gmail.com

1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone (214) 635-1839
Facsimile (855) 830-1952

**ATTORNEY FOR PLAINTIFFS**
**MARY FROSTO, SHANE SUTTON,**
**DEREK LEONARD, DAVID REX,**
**CYNTHIA PULLEN, JAVIER**
**VILLARREAL, SUHENDRA UTET,**
**JENG THITIKARN, and MARTHA SAPIEN.**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was

served, under the Texas Rules of Civil Procedure, upon all parties or their counsel of record on

March 25, 2021.


/s/ Jeffrey T. Hall
Jeffrey T. Hall


**NOTICE OF APPEARANCE AND**
**DESIGNATION AS ATTORNEY IN CHARGE**           **Page - 2**

# Exhibit

## "F"

352-317210-20

FILED
TARRANT COUNTY
3/25/2021 10:50 AM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 352-317210-20**

| | | |
|---|---|---|
| MARY FROSTO, ASHLEY MUGO, | § | IN THE DISTRICT COURT |
| SHANE SUTTON, DEREK LEONARD, | § | |
| DAVID REX, CYNTHIA PULLEN, | § | |
| JAVIER VILLARREAL, SUHENDRA | § | |
| UTET, DIBYENDU MUKHERJEE, | § | |
| NIANQI WANG, RAJIV ROY, JENG | § | |
| THITIKARN, AND MARTHA SAPIEN, | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | 352ND JUDICIAL DISTRICT |
| | § | |
| JAMES VARGA, III, aka JIMMY VARGA, | § | |
| KATHERINE VILLARREAL, PARTNERS | § | |
| WITH BENEFITS PROPERTY GROUP, | § | |
| LLC, AND WE'RE HOME REAL ESTATE | § | |
| HOLDINGS, LLC | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## SUPPLEMENTAL NOTICE OF APPEARANCE
## AND DESIGNATION AS ATTORNEY IN CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, NIANQI WANG, making and filing this *Supplemental Notice of Appearance and Designation as Attorney in Charge* and, in support thereof, would respectfully show unto the Court as follows:

Jeffrey T. Hall, Attorney at Law ("Hall") hereby makes his Notice of Appearance and Plaintiff NIANQI WANG designates Hall as attorney in charge. Hall will be responsible for the suit and shall be the attorney to receive all communications from the Court and other parties. Hall's address for service is 1700 Pacific Avenue, Suite 4750, Dallas, Texas 75201; his phone numbers are (214) 635-1839 (voice line) and (855) 830-1952 (facsimile); and, his email is jthallesq@gmail.com.

**SUPPLEMENTAL NOTICE OF APPEARANCE**
**AND DESIGNATION AS ATTORNEY IN CHARGE**                    **Page - 1**

Respectfully submitted:


By: /s/ Jeffrey T. Hall
    Jeffrey T. Hall
    State Bar No. 00787622
    jthallesq@gmail.com

1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone (214) 635-1839
Facsimile (855) 830-1952

**ATTORNEY FOR PLAINTIFFS
MARY FROSTO, SHANE SUTTON,
DEREK LEONARD, DAVID REX,
CYNTHIA PULLEN, JAVIER
VILLARREAL, SUHENDRA UTET,
NIANQI WANG, JENG THITIKARN,
and MARTHA SAPIEN.**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was

served, under the Texas Rules of Civil Procedure, upon all parties or their counsel of record on

March 25, 2021.


/s/ Jeffrey T. Hall
Jeffrey T. Hall


**SUPPLEMENTAL NOTICE OF APPEARANCE
AND DESIGNATION AS ATTORNEY IN CHARGE**        **Page - 2**

# Exhibit

## "G"

352-317210-20

FILED
TARRANT COUNTY
7/13/2021 11:25 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 352-317210-20

| | | |
|---|---|---|
| MARY FROSTO, ASHLEY MUGO, SHANE | § | IN THE DISTRICT COURT OF |
| SUTTON, DEREK LEONARD, DAVID REX, | § | |
| CYNTHIA PULLEN, JAVIER VILLARREAL, | § | |
| SUHENDRA UTET, DIBYENDU | § | |
| MUKHERJEE, NIANQI WANG, RAJIV ROY, | § | |
| JENG THITIKARN, AND MARTHA SAPIEN, | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| JAMES VARGA III, aka JIMMY VARGA, | § | |
| KATHERINE VILLARREAL, PARTNERS | § | |
| WITH BENEFITS PROPERTY GROUP, LLC, | § | |
| AND WE'RE HOME REAL ESTATE | § | |
| HOLDINGS, LLC | § | |
| *Defendants.* | § | 352ND JUDICIAL DISTRICT |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE COURT:

COMES NOW, Defendant James Varga III aka Jimmy Varga, to file this Suggestion of

Bankruptcy in the above-styled case. On July 13, 2021, James Varga III filed a Petition for relief

under Chapter 7, United States Bankruptcy Code, in the United States Bankruptcy Court for the

Northern District of Texas, which bears the case number 21-41656-elm7 ("Bankruptcy Suit").

Accordingly, this matter is automatically stayed until the relevant issues are resolved in the

Bankruptcy Court pursuant to 11 U.S.C. § 362.

Wherefore, premises considered, Defendant James Varga III aka Jimmy Varga prays that

the above numbered and entitled cause be abated.

Respectfully submitted,

LESLIE WM. ADAMS & ASSOCIATES

_____
LESLIE WM. ADAMS
State Bar No. 00869810
Caroline H. Walls
State Bar No. 24110504
Guy H. Bily
State Bar No. 24108363
3700 Buffalo Speedway, Suite 420
Houston, Texas 77098
713-728-6360 (Voice)
713-728-6366 (Facsimile)
info@lesliewmadams.com
**COUNSEL FOR DEFENDANT,
JAMES VARGA III**

## CERTIFICATE OF SERVICE

I certify that, on the 13th of July 2021, a true copy of the foregoing was served on each attorney of record or party in accordance with Rule 21a of the Texas Rules of Civil Procedure by delivery by telephonic document transfer, electronic service or certified mail, return receipt requested, addressed as follows:

Douglas R. Hafer
CURNUTT & HAFER, LLP
301 West Abram Street
Arlington, Texas 76010
(817) 548 – 1070 (Facsimile)
dhafer@curnutthafer.com
**COUNSEL FOR DEFENDANT VILLARREAL**

Jeffrey T. Hall
THE LAW OFFICES OF JEFFREY T. HALL
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(855) 830 – 1952 (Facsimile)
jthallesq@gmail.com
**COUNSEL FOR PLAINTIFFS**

_____
Leslie Wm. Adams

July 13, 2021

Suggestion of Bankruptcy                                          Cause No. 352-317210-20

# Exhibit

# "H"

CAUSE NO. 352-317210-20

| | | |
|---|---|---|
| MARY FROSTO, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| - versus - | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| JAMES VARGA, III, ET AL | § | 352nd JUDICIAL DISTRICT |

## ORDER CLOSING CASE AND REMOVING FROM ACTIVE DOCKET

This Court received notification that a **Petition under the Bankruptcy Code** has been filed by defendant. Pursuant to 11 U.S.C. § 362(a)(1), this case is therefore stayed. The local rules require that the court be informed when the bankruptcy has been concluded, whether by discharge, denial of discharge, dismissal, or otherwise.

**IT IS ORDERED** that the Clerk of the Court shall close this file and remove it from the active docket of pending cases subject to further order of this court.

**IT IS FURTHER ORDERED** that if the bankruptcy has been concluded that counsel for Plaintiff will upon receipt of the this order notify the court coordinator in writing that the bankruptcy has been concluded.

**IT IS FURTHER ORDERED** that if the bankruptcy has not been concluded that counsel for Plaintiff will upon conclusion of the bankruptcy, notify the court coordinator in writing of when the bankruptcy was concluded and whether it was concluded by discharge, denial of discharge, dismissal, or otherwise.

**IT IS FURTHER ORDERED** that this order shall not operate as a dismissal of this case.

**IT IS FURTHER ORDERED** that this court retains jurisdiction for all purpose including jurisdiction to reinstate the case to the active docket upon being notified that the bankruptcy case has been concluded and to make such orders as are appropriate at that time.

Signed this the 21st day of July, 2021.

_____
Judge Presiding



**From:** Lisa A. Adams

**To:** JTHALLESQ@GMAIL.COM; NATIONLAWFIRM@GMAIL.COM; INFO@LESLIEWMADAMS.COM; DHAFER@CURNUTTHAFER.COM

**Subject:** 352-317210-20 Order Closing Case and Removing from Active Docket

**Date:** Wednesday, July 21, 2021 12:20:00 PM

**Attachments:** 35231721020000079.PDF

Thank you,

Lisa A. Adams
352nd Administrative District Clerk
Tarrant County District Clerk
Tom Vandergriff Civil Court Building
100 N. Calhoun St. 2nd Floor
Fort Worth, TX 76196
817-884-1183
laadams@tarrantcounty.com



# Exhibit

## "I"

D221378328    12/29/2021 02:24 PM    Page: 1 of 2    Fee: $23.00    Submitter: FNTG - Claims Dept
Electronically Recorded by Tarrant County Clerk in Official Public Records

MARY LOUISE NICHOLSON
COUNTY CLERK

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## RELEASE OF LIS PENDENS

THE STATE OF TEXAS

COUNTY OF TARRANT

Notice is hereby given of the filing of this Release of the Notice of Lis Pendens recorded on September 22, 2020 as Instrument No. D220241297 in the County Records of Tarrant County, Texas giving notice of the pendency of Cause No. 352-317210-20, styled *Mary Frosto, Ashley Mugo, Shane Sutton, Derek Leonard, David Rex, Cynthia Pullen, Javier Villareal, Suhendra Utet, Dibyendu Mukherjee, Nianqi Wang, Raji Roy, Jeng Thitikarn, and Martha Sapien, Plaintiffs v. James Varga III, a/k/a Jimmy Varga, Katherine Villereal, Partners With Benefits Property Group, LLC, and We're Home Real Estate Holdings, LLC, Defendants,* in the 352nd Judicial District of Tarrant County, Texas,

is hereby released and discharged, by Mary Frosto, Shane Sutton, Derek Leonard, David Rex, Javier Villareal, Suhendra Utet, Jeng Thitkam and Martha Sapien, with respect to the real property described as follows:

LOT 5, BLOCK 28, LAKE VIEW ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 204B, PAGE 5, PLAT RECORDS, TARRANT COUNTY, TEXAS.

Commonly known as – 1260 E. Magnolia Avenue, Fort Worth, Texas 76104

EXECUTED effective as of the ___**16th**___ day of ___**December**___, 2021.

By:

Jeffry T. Hall, Esq.
SBN # 00787622

1

1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 635-1839
(855) 830-1952 fax
jthallesq@gmail.com
Counsel for Plaintiffs Mary Frosto,
Shane Sutton, Derek Leonard,
David Rex, Javier Villareal, Suhendra Utet,
Jeng Thitkarn, and Martha Sapien


THE STATE OF TEXAS

COUNTY OF TARRANT

    Before me, the undersigned, a Notary Public, in and for the State of Texas on this _16th_ day

of _December_, 2021, personally appeared Jeffrey T. Hall, known to me to be the same

identical person who executed this foregoing instrument RELEASE OF LIS PENDENS and

acknowledged to me that he executed the same as his free and voluntary act and deed for the uses

and purposes therein set forth.

```
┌─────────────────────────────────┐
│         SCARLETT L. SPRADLIN     │
│    Notary Public, State of Texas │
│     Comm. Expires 09-23-2025     │
│         Notary ID 7669141        │
└─────────────────────────────────┘
```

_Scarlett L. Spradlin_
Notary Public In And For
The State of Texas
My Commission Expires: _9/23/25_


Upon Recording, Return to:
Jonathan J. Cunningham
FIDELITY NATIONAL LAW GROUP
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
(972) 812-6545
(972 812-9408 fax
jonathan.cunningham@fnf.com


2

# Exhibit

## "J"

CAUSE NO. <u>352-317210-20</u>

| | | |
|---|---|---|
| MARY FROSTO, ASHLEY MUGO, | § | |
| SHANE SUTTON, DEREK LEONARD, | § | **IN THE DISTRICT COURT** |
| DAVID REX, CYNTIA PULLEN, | § | |
| JAVIER VILLAREAL, SUHENDRA | § | |
| UTET, DIBYENDU MUKHERJEE, | § | |
| NIANQI WANG, RAJI ROY, JENG | § | |
| THITIKARN, and MARTHA SAPIEN | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **352nd JUDICIAL DISTRICT** |
| | § | |
| JAMES VARGA III, a/k/a/ JIMMY | § | |
| VARGA, KATHERINE VILLAREAL, | § | |
| PARTNERS WITH BENEFITS | § | |
| PROPERTY GROUP, LLC and | § | |
| WE'RE HOME REAL ESTATE | § | |
| HOLDINGS, LLC | § | |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## <u>ORDER GRANTING AFFIRM PROPERTY HOLDINGS, LLC'S MOTION TO RELEASE/EXPUNGE PLAINTIFFS ASHLEY MUGO, CYNTHIA PULLEN, DIBYENDU MUKHERJEE, NIANQI WANG, and RAJI ROY'S LIS PENDENS RELATING TO PROPERTY LOCATED AT 1260 E. MAGNOLIA AVENUE, FORT WORTH, TARRANT COUNTY, TEXAS 76104</u>

ON THIS DAY, came to be heard Real Party In Interest Affirm Property Holdings, LC, who files this its Motion to Release/Expunge Plaintiffs Ashley Mugo, Cynthia Pullen, Dibyendu Mukherjee, Nianqi Wang, and Raji Roy's Lis Pendens Relating to Property Located At 1260 E. Magnolia Avenue, Fort Worth, Tarrant County, Texas 76104.

After considering said Motion, any response, arguments of counsel, if any, and other evidence on file, the Court finds that the Motion should in all things be GRANTED.

Accordingly, the following is ORDERED, ADJUDGED, and DECREED:

that the certain Notice of Lis Pendens recorded on September 22, 2020 as **Instrument No. D220241297** in the County Records of Tarrant County, Texas giving notice of the pendency of Cause No. 352-317210-20, styled *Mary Frosto, Ashley Mugo, Shane Sutton, Derek Leonard, David Rex, Cynthia Pullen, Javier Villareal, Suhendra Utet, Dibyendu Mukherjee, Nianqi Wang, Raji Roy, Jeng Thitikarn, and Martha Sapien, Plaintiffs v. James Varga III, a/k/a Jimmy Varga, Katherine Villereal, Partners With Benefits Property Group, LLC, and We're Home Real Estate Holdings, LLC, Defendants*, in the 352nd Judicial District of Tarrant County, Texas,

is hereby each EXPUNGED and RELEASED, with respect to Plaintiffs Ashley Mugo, Cynthia Pullen, Dibyendu Mukherjee, Nianqi Wang, and Raji Roy regarding the real property described as follows:

LOT 5, BLOCK 28, LAKE VIEW ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 204B, PAGE 5, PLAT RECORDS, TARRANT COUNTY, TEXAS.

**Commonly known as – 1260 E. Magnolia Avenue, Fort Worth, Texas 76104**

SIGNED on this the _____ day of _____, 2022.

_____
Hon. Judge Presiding